UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MANCINI,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF CLOVERDALE POLICE DEPARTMENT, et al.,<br><br>    Defendants. | Case No. 15-cv-02804-JSC<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 2 |

Plaintiff Daniel Mancini brings this action against the City of Cloverdale Police Department, Cloverdale Police Officer Michael Campbell ("Officer Campbell"), and non-officers Kenneth Roux, Rebecca Roux, Adam Alvarek, and a number of Doe Defendants (collectively, "Defendants"), bringing claims of negligence, false imprisonment, assault and battery, and conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985. The gravamen of Plaintiff's complaint is that Kenneth Roux and Alvarek attacked Plaintiff after falsely accusing him of burgling Kenneth Roux's body shop, and that when Plaintiff reported the incident to Officer Campbell, he conspired with Kenneth Roux and Alvarek to cover up their crime and ensure that they were not prosecuted. Before the Court is Plaintiff's Application to Proceed In Forma Pauperis. (Dkt. No. 2.) The Court must also review the complaint allegations under 28 U.S.C. § 1915. As set forth below, the Court GRANTS Plaintiff's application to proceed IFP and DISMISSES the complaint with leave to amend.

## COMPLAINT ALLEGATIONS

The allegations in the complaint arise out of false accusations that Plaintiff committed a burglary of the Roux Body Shop in Cloverdale, California. (Dkt. No. 1 ¶ 10.) Defendant Kenneth Roux ("Roux") owns the Roux Body Shop (the "Body Shop"). (*Id.*) Defendant Alvarek

("Alvarek") is associated with the Roux Body Shop, is a friend and "hit man" or "muscle man" of Roux, and is a member of the "Ghost Riders" or "Ghost Warriors" motorcycle gang. (*Id.* ¶¶ 10, 11, 18.) A burglary occurred at the Body Shop on October 31, 2014 in which a safe was stolen. (*Id.* ¶¶ 11, 19.) Plaintiff did not commit the burglary, as he spent the night at home. (*Id.* ¶¶ 11, 17.)

  Shortly after the burglary, Kenneth Roux—armed with a 9 millimeter handgun—approached Plaintiff and accused him of committing the burglary. (*Id.*) On November 12 or 13, Alvarek came to Plaintiff's home in Cloverdale and told Plaintiff that he had to go with Alvarek to the Roux Body Shop to discuss the burglary. (*Id.*) Plaintiff, intimidated and feeling like he had no choice, went with Alvarek. (*Id.*) At the Body Shop, Roux and Alvarek placed Plaintiff in a "spray booth"; there, Roux pulled out a handgun, put on leather gloves, and both men hit, kicked, and stomped on Plaintiff. (*Id.*) Plaintiff suffered a severely damaged left eye and injured his neck and back. (*Id.* ¶¶ 11, 13.) Roux threatened Plaintiff that he "was going to be taken to a wood chipper where he would be chipped and killed for doing the burglary[,]" then told Plaintiff that he had once chance to get the stolen item back within two hours. (*Id.* ¶ 11.)

  After leaving the Body Shop, Plaintiff went to speak with others to find out who committed the burglary. He learned that Roux and Alvarek claimed to have a video of the burglary that showed that the SUV involved in the burglary belonged to Brenda.[1] (*Id.* ¶ 12.) Apparently Plaintiff and his wife and Roux and his wife, Beck, viewed the video together, which showed that the SUV was not actually Brenda's. (*Id.*) Roux admitted that he had made a mistake and would tell Alvarek to "back off." (*Id.*)

  Plaintiff reported the assault by Roux and Alvarek to Officer Campbell of the Cloverdale Police Department. (*Id.* ¶ 14.) Brenda identified Roux and Alvarek in police photos, and also stated that she was afraid that Roux would be violent towards her and she was afraid of testifying against him. (*Id.* ¶¶ 14, 20.) In addition, Plaintiff filed a police report about the incident; the

---

[1] It is not clear in the complaint who Brenda is: in one instance she is named as Brenda Mancini, Plaintiff's wife, but elsewhere Plaintiff alleges that Brenda Norbert is the mother of Plaintiff's daughter, while Plaintiff's wife's name is Arlene Mancini. (*Compare* Dkt. No. 1 ¶ 12, *with id.* ¶ 16.)

2

Cloverdale Police Department would not give Plaintiff a copy, but Plaintiff learned from Officer Campbell's supervisor that most of the information Plaintiff had given the officer was not included in the report. (*Id.* ¶ 15.) Officer Campbell placed a wire on Plaintiff to record statements that Roux made, but Roux denied having any knowledge of the assault. (*Id.* ¶ 15.) When the police spoke to Roux, he denied knowing Plaintiff. (*Id.*) At some point, Officer Campbell informed Plaintiff that they knew who had committed the burglary and it was not Plaintiff. (*Id.*)

As it turned out, Officer Campbell is a friend of Roux and had his personal car in Roux's shop. (*Id.*) In fact, Roux did the body work for the Cloverdale Police Department, as well. (*Id.* ¶ 20.) As of the filing of the complaint, Plaintiff has repeatedly requested that the Cloverdale Police Department and Sonoma County District Attorney to prosecute Roux and Alvarek for the assault, but no action has been taken. (*Id.* ¶ 2.)

Plaintiff filed the four-count complaint on June 22, 2015. Plaintiff brings three counts against Roux and Alvarek for negligence, false imprisonment, and assault and battery. In addition, Plaintiff brings one count of conspiracy to interfere with civil rights under 42 U.S.C. § 1985 against Roux, his wife, Alvarek, the City of Cloverdale, the Cloverdale Police Department, and Officer Campbell for conspiring to interfere with Plaintiff's civil rights by covering up the crimes of Roux and Alvarez and refusing to prosecute them.

## DISCUSSION

**A.    Application to Proceed In Forma Pauperis**

Plaintiff moves to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (Dkt. No. 2.) The Court finds that Plaintiff has shown good cause that he is unable to pay the filing fee associated with initiating this action. Accordingly, the Court GRANTS Plaintiff's request to proceed IFP.

**B.    Section 1915 Review**

    1.    <u>Legal Standard</u>

The Court must dismiss an *in forma pauperis* ("IFP") complaint before service of process if it is frivolous, fails to state a claim, or contains a complete defense to the action on its face. 28 U.S.C. § 1915(e)(2). The Court retains discretion over the terms of dismissal, including whether

3

to grant leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Because this is a pro se civil rights case, the Court must notify Plaintiffs of the deficiencies in the complaint and provide an opportunity to amend prior to dismissal, unless it is completely clear that the deficiencies of the complaint cannot be cured. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*superseded on other grounds by statute as stated in Lopez*, 203 F.3d 1122, 1138 (Rymer, J., concurring)).

Regarding dismissals for failure to state a claim, Section 1915(e)(2) parallels the language of Federal Rules of Civil Procedure 12(b)(6). *Lopez*, 203 F.3d at 1127. In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must accept as true the allegations of the complaint in question, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and construe the pleading in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). To avoid dismissal, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). Indeed, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* Furthermore, a claim upon which a court can grant relief must have facial plausibility. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. A complaint must also comply with Rule 8(a)(2), which requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See, e.g.*, *Cromer v. Unknown*, No. CV 13-4963-CJC(OP), 2014 WL 3101410, at *3-4 (C.D. Cal. July 2, 2014).

In addition, on Section 1915 review the Court also has an independent obligation to determine that it has subject matter jurisdiction over an action. *United States v. Moreno-Morillo*, 334 F.3d 819, 830 (9th Cir. 2003).

2. Discussion

Upon review, the Court concludes that Plaintiff has stated a claim for at least some of his common law counts against Roux and Alvarek, and therefore the claims against these individual

4

defendants pass muster under Section 1915 and could proceed to service. However, the same is not true of Plaintiff's Section 1985 conspiracy count. Absent the Section 1985 claim, there would be only state law claims before the Court, and therefore supplemental jurisdiction in federal court may not be appropriate. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."); *Wren v. Sletten Constr. Co.*, 654 F.2d 529, 536 (9th Cir. 1981) ("When the state issues apparently predominate and all federal claims are dismissed . . . the proper exercise of discretion requires dismissal of the state claim.").

Plaintiff's fourth count alleges that all defendants "knowingly and willfully conspired and agreed among themselves to cover up the crimes of Roux and Alvarek and refuse to prosecute Roux and Alvarek for the crimes they committed upon [Plaintiff]." (Dkt. No. 1 ¶ 47.) As written, this count suffers from a host of defects.

First, Section 1985 "creates no independent cause of action and provides remedial relief only after a violation of a specifically defined and designated federal right is first established." *Harmon v. City of Fresno*, No. CV F 08-1311 LJO GSA, 2008 WL 4690897, at *9 (E.D. Cal. Oct. 21, 2008).

Second, there are three different prongs of conspiracy to violate civil rights under 42 U.S.C § 1985: (1) conspiracy to prevent an officer from performing duties; (2) conspiracy to obstruct justice, intimidate a party, witness, or juror; and (3) conspiracy to deprive persons of rights or privileges. The allegations in Count Four do not indicate which subsection Plaintiff alleges, which fails to comply with Plaintiff's obligation under Rule 8(a)(2). *See Cromer*, 2014 WL 3101410, at *3-4. However, elsewhere in the complaint it seems that Plaintiff is proceeding under the second and third subsections, as he alleges that Defendants conspired "to violate [Plaintiff's] constitutional rights by obstructing justice, intimidating a party, intimidating a witness and by depriving [Plaintiff] of his constitutional rights by suppressing criminal charge[s that] should have been filed against [Roux] and Alvarek." (Dkt. No. 1 ¶ 2.) Thus, assuming for the purposes of Section 1915 review that Plaintiff brings his claims under subsections (2) and (3), the Court will

1   address the sufficiency of the claims.

2   Section 1985(2) gives rise to a cause of action where

> two or more persons conspire for the purposes of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws[.]

In contrast, the first clause concerns access to federal courts, and gives rise to a cause of action where persons

> conspire [A] to deter, by force, intimidation, or threat, any part or witness in any court of the United States from attending such court, or from testifying to any matter pending therein . . . or [B] to injure such party or witness in his person or property on account of his having so attended or testified.

The Ninth Circuit has clarified that the former clause pertains to state courts, whereas the latter pertains to federal courts. *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 908-09 (9th Cir. 1993); *Dooley v. Reiss*, 736 F.2d 1392, 1395 (9th Cir. 1984). Here, of course, Plaintiff does not indicate the clause under which he proceeds, but because his claims involve a local police department and the Sonoma County District Attorney, the Court concludes that the state-court clause applies. In addition, Section 1985(3) bars conspiracies to "depriv[e], either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws[.]" Claims brought under either of these provisions require a showing of class-based animus. *See Senator v. City of Orange Police Dep't*, 324 F. App'x 624, 624 (9th Cir. 2009) (citations omitted); *see also Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) (claims under § 1985(3) require a showing of class-based animus); *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 908-09 (9th Cir. 1993) (claims under the federal-court clause of § 1985(2) require a showing of denial of access to the federal courts, whereas claims under the state-court clause of § 1985(2) require a showing of class-based animus). Here, Plaintiff has not included any allegations that he is a member of a protected class or that Defendants acted with animus based on his membership in such a class when they engaged in the alleged conspiracy. While equal protection claims may be brought by a "'class of one,' where the plaintiff alleges that []he

6

has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference treatment[,]" *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), Plaintiff has not alleged as much here.  Thus, the conspiracy claim fails to state a claim on this ground.

Third, some of the defendants are problematic.  There are not enough facts from which the Court can draw a plausible inference that Defendant Rebecca Roux was involved in any such conspiracy.[2]  The only fact alleged pertaining to Rebecca Roux is that she was present when Plaintiff and his wife viewed the video of the burglary with Kenneth Roux.  (Dkt. No. 1 ¶ 12.)  There are no other facts alleged regarding her involvement with Plaintiff or her interactions with the police.  Aside from the conclusory allegation that she "furthered the conspiracy by cooperation with or lent aid and encouragement" to the acts of the others, there are no facts that plausibly suggest that Roux ever agreed to enter a conspiracy with the other defendants.  *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 930 (9th Cir. 2004) (dismissing § 1985 conspiracy claim where the complaint was "devoid of any discussion of an agreement amongst the [defendants] to violate [the plaintiff's] constitutional rights").  In addition, the City of Cloverdale Police Department is not a proper defendant in a Section 1985 claim, as a municipal agency is not a "person" within the meaning of federal civil rights statutes.[3]  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Staples v. Franchise Tax Bd.*, 302 F. App'x 651, 652 (9th Cir. 2008) (citation omitted).

For each of these reasons, Plaintiff's Section 1985 conspiracy count is insufficiently pleaded for the purposes of Section 1915.  Although Plaintiff's counts against Roux and Alvarek are passable, because this is the only claim against Officer Campbell, the City of Cloverdale, and

---

[2] The complaint is inconsistent about the name of Roux's wife, calling her Rebecca Roux, Beck Roux, and Brenda Roux.  (Dkt. No. 1 ¶¶ 1-2, 12, 49.)  The Court assumes that Rebecca is the proper name, as this is the name listed in the caption.

[3] The Ninth Circuit has not yet decided whether a government employee can conspire with its own government under the intra-corporate conspiracy doctrine.  *See Fakoya v. Cnty. of Clark*, No. 2:12-cv-02149-JAD-CWH, 2014 WL 5020592, at *7 (D. Nev. Oct. 8, 2014).  The Court need not decide whether the City of Cloverdale can conspire with Officer Campbell because Plaintiff here does not allege enough facts to give rise to a plausible conspiracy claim against any Defendant.

1  the City of Cloverdale Police Department, the Court declines to proceed to service by the U.S.
2  Marshal at this time as exercise of supplemental jurisdiction over these purely state-law claims
3  would be inappropriate.  Plaintiff shall have leave to file an amended complaint to cure the defects
4  with the fourth count consistent with the discussion above.

## CONCLUSION

The Court GRANTS Plaintiff's IFP application.  Plaintiff's common law counts against Roux and Alvarek state a claim, but his Section 1985 conspiracy count does not.  Plaintiff is granted leave to amend the fourth count against all defendants except for the City of Cloverdale Police Department, which is dismissed from this action with prejudice.  Plaintiff's amended complaint is due by **July 21, 2015**.  Failure to amend will result in dismissal of count four—and of Officer Campbell, the City of Cloverdale, Rebecca Roux, and the City of Cloverdale Police Department—with prejudice, and dismissal of the state law claims without prejudice.

**IT IS SO ORDERED.**

Dated: June 30, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge