UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DANIEL MANCINI,<br><br>            Plaintiff,<br><br>    v.<br><br>CITY OF CLOVERDALE POLICE DEPARTMENT, et al.,<br><br>            Defendants. | Case No.  15-cv-02804-JSC<br><br>**ORDER REVIEWING SECOND AMENDED COMPLAINT UNDER SECTION 1915 AND ORDERING SERVICE BY THE MARSHAL**<br><br>Re: Dkt. No. 14 |

Plaintiff Daniel Mancini, proceeding *in forma pauperis*, filed the instant Second Amended Complaint ("SAC") against the City of Cloverdale Police Department, retired Cloverdale Police Chief Mark Tuma and Retired Sergeant Keith King, and current Cloverdale Police Officers Michael Campbell and Officer Rose, as well as individuals Kenneth Roux, Adam Elbeck, and a number of Does.  (Dkt. No. 14.)  The SAC arises out of Roux and Elbeck's false accusations that Plaintiff burglarized Roux's Body Shop, and Plaintiff's request that the Cloverdale Police Department press charges against Roux and Elbeck after they violently attacked him.  Plaintiff alleges that Roux and Elbeck are liable for negligence, false imprisonment, and assault and battery.  Plaintiff also alleges that Chief Tuma, Sergeant King, and Officers Campbell and Rose violated his civil rights and conspired to violate his civil rights, and that the City of Cloverdale is subject to municipal liability for those violations.  Upon the review required by 28 U.S.C. § 1915(e)(2), the Court twice previously dismissed Plaintiff's complaint with leave to amend, finding that the federal counts failed to state a claim upon which relief could be granted, such that there was no basis for federal jurisdiction over the state law claims.  *See Mancini v. City of Cloverdale Police Dep't*, No. 15-cv-02804-JSC, 2015 WL 4512274, at *4-6 (N.D. Cal. July 24, 2015) ("*Mancini II*"); *Mancini v. City of Cloverdale Police Dep't*, No. 15-cv-02804-JSC, 2015

United States District Court
Northern District of California

1    WL 3993216, at *4-5 (N.D. Cal. June 30, 2015) ("*Mancini I*").

2                                      **DISCUSSION**

3          The factual background of this case is detailed in the Court's Orders reviewing the

4    complaint and FAC under Section 1915, which the Court incorporates here in full.  *Mancini II*,

5    2015 WL 4512274, at *1-2; *Mancini I*, 2015 WL 3993216, at *1-2.  As the factual allegations

6    have not changed, the Court will not reiterate the factual background here.  Suffice it to say that

7    the claims arise out of an alleged corrupt agreement and cover up among officers at the Cloverdale

8    Police Department to protect Plaintiff's attackers from prosecution.  The Court twice previously

9    noted that Plaintiff has stated a claim for at least some of his common law counts (now Counts Six

10   through Eight) against Roux and Elbeck, and therefore the claims against these individual

11   defendants pass muster under Section 1915 and could proceed to service.  The initial complaint

12   and FAC failed to state a claim for any of the federal civil rights causes of action contained

13   therein.  For the reasons discussed below, Plaintiff has cured the defects the Court discussed for at

14   least some of the federal claims such that the SAC may proceed to service.

15   **I.       Count One: Deprivation of Civil Rights under Section 1983**

16          Plaintiff's Section 1983 claim alleges that Chief Tuma, Sergeant King, and Officers

17   Campbell and Rose violated Plaintiff's Fourteenth Amendment rights to due process and equal

18   protection under the law by failing to bring charges against Roux and Elbeck, to protect witnesses,

19   to provide a police report to Plaintiff, or to discipline the involved officers all with the intent to

20   cover up the police investigation and prevent Plaintiff from bringing suit.  (*See* Dkt. No. 14 ¶¶ 78,

21   81.)  The Court previously dismissed the due process claim on the ground that the FAC did not

22   allege facts supporting a concurrent equal protection violation as required, and that the equal

23   protection violation failed because the FAC did allege facts giving rise to a plausible claim of

24   class-of-one discrimination.  *Mancini II*, 2015 WL 4512274, at *4-5.  The Court noted that the

25   Ninth Circuit has not yet weighed in on whether a plaintiff can use class-of-one equal protection

26   theory in the law enforcement failure-to-investigate or failure-to-prosecute context even in the

27   presence of personal animus.  *Id.* (citing *Le Fay v. Le Fay*, No. 1:13-cv-1362 AWI MJS, 2015 WL

28   106262, at *6 (E.D. Cal. Jan. 7, 2015); *Williams v. Cnty. of Alameda*, 26 F. Supp. 2d 925, 941

United States District Court
Northern District of California

(N.D. Cal. 2014)).  But in any event, the Court noted that while Plaintiff included allegations about the officers' irrational motives towards Plaintiff, Plaintiff nonetheless failed to plead a class-of-one discrimination claim because there were no "allegations explaining to whom Plaintiff was similarly situated."  *Id.* at *5.

In the SAC, Plaintiff now provides even more detail regarding the officers' irrational motives, alleging that the officers intentionally treated Plaintiff different from others due to "nepotism and corruption" given their "long-standing friendship and business relationship with Roux" and because the officers had personal animus towards Plaintiff and thought he was a "loser."  (Dkt. No. 14 ¶¶ 69, 75.)  What is more, Plaintiff now alleges that he "was treated intentionally differently from all other similarly situated citizens, including other Cloverdale and Sonoma County citizens who were victims of similar felonious assaults or terrorist threats[.]"  (*Id.* ¶ 69; *see also id.* ¶¶ 18, 76 (alleging that Defendants did not respond to other Cloverdale and Sonoma County citizens who were crime victims with a cover up and refusal to prosecute).  This allegation is enough to identify similarly situated individuals for the purposes of Section 1915 review.  Any argument that the Ninth Circuit does not countenance class-of-one discrimination claims in the context of discretionary police investigation and charging decisions, *see Long v. Cnty. of Fresno*, No. 1:13-cv-01810-AWI-SKO, 2014 WL 3689694, at *6 (E.D. Cal. July 14, 2014) (collecting cases finding that police discretionary decisions cannot be challenged in a class-of-one equal protection claim), is better suited for resolution once the SAC has been served and the issue fully briefed by both parties.

With respect to Plaintiff's alleged due process violation, it may proceed given the concurrent failure to protect against discrimination.[1]  *See Sexual Sin De Un Abdul Blue v. City of Los Angeles*, No. CV 09-7573-PA (JEM), 2010 WL 890172, at *6 (C.D. Cal. Mar. 8, 2010) (noting that ordinarily "an inadequate investigation by police officers is not sufficient to state a § 1983 claim unless another recognized constitutional right is involved, such as failure to protect

---

[1] While Plaintiff urges that he has also alleged a due process violation based on destruction of evidence and witness tampering, citing *Hampton v. Hanrahan*, 600 F.2d 600 (7th Cir. 1979), this right pertains to that of the defendant in a criminal case subject to prosecution, not the complaining witness.  *Id.* at 628.

against discrimination").

### III. Counts Two through Four: Conspiracy to Violate Civil Rights in Violation of Section 1985(1), (2), and (3)

The second through fourth causes of action allege that Chief Tuma, Sergeant King, and Officers Campbell and Rose conspired to violate Plaintiff's civil rights in violation of the three-subsections of Section 1985.  Because Section 1985 is not a stand-along substantive right and instead "provides remedial relief only after a violation of a specifically defined and designated federal right is first established[,]" *Harmon v. City of Fresno*, No. CV F 08-1311 LJO GSA, 2008 WL 4690897, at *9 (E.D. Cal. Oct. 21, 2008), the Court previously dismissed Plaintiff's Section 1985 claims for failure to state a plausible claim that Defendants violated any of his constitutional rights.  However, as set forth above, Plaintiff's SAC sufficiently alleges a violation of Plaintiff's Fourteenth Amendment rights, so this particular defect has been cured for the purposes of Section 1915 review.

Although Plaintiff brings three separate Section 1985 counts under the three subsections of the law, the substance of each claim is nearly identical.  The gravamen of the conspiracy claims is that Defendants conspired to not press charges against Roux and Elbeck, intimidated and failed to protect witnesses, omitted information from the police report associated with the investigation into Roux and Elbeck, then refused to give a copy of that report to Plaintiff .  (Dkt. No. 14 ¶¶ 100, 127, 154.)  In addition, in all three claims Plaintiff alleges that Defendants' conspiracy was intended "to frustrate Plaintiff's ability to bring a civil action against Roux and Elbeck," knowing that "it would be far easier for [Plaintiff] to prevail in a civil action against them" if criminal charges were brought and "to cover this entire matter up and prevent [Plaintiff] from bringing a federal civil rights action against Chief Tuma, Sergeant King, Officer Campbell, Officer Rose, and the Cloverdale Police Department."  (*Id.* ¶¶ 105-106, 130-131, 137-138.)  Although the substance is identical, the elements and standards of each type of Section 1985 differ.

#### A.    Count Two: Section 1985(1)

Plaintiff's second count is under Section 1985(1), which prohibits "two or more persons in any State or Territory" from "conspir[ing] to prevent, by force, intimidation, or threat, any person

1    from accepting or holding any office, trust, or place of confidence under the United States, or from

2    discharging any duties thereof[.]"   Section 1985(1) affords protection only to federal officers and

3    prospective federal officers.  *Canlis v. San Joaquin Sheriff's Posse Comitatus*, 641 F.2d 711, 717

4    (9th Cir. 1981), *cert. denied*, 454 U.S. 967 (1981).  Plaintiff nowhere alleges that he is a federal

5    officer; thus, he cannot claim protection under this statute.  *See, e.g.*, *Gozzi v. Cnty. of Monterey*,

6    No. 5:14-CV-03297-LHK, 2014 WL 6977632, at *10 (N.D. Cal. Dec. 10, 20124); *Shoftner v. U.S.*

7    *Dep't of Agric.*, No. CV F 12-0062 LJO JLT, 2012 WL 4662340, at *6 (E.D. Cal. Oct. 1, 2012);

8    *Lukenbill v. Dep't of U.S. Air Force*, No. CV F 10-1003 LJO SKO, 2010 WL 3717297, at *7 (E.D.

9    Cal. Sept. 16, 2010).  Accordingly, Plaintiff's Section 1985(1) claim is dismissed with prejudice.

10            B.       Count Three: Section 1985(2)

11            Section 1985(2) allows a person to file a lawsuit where "two or more persons conspire for

12    the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of

13    justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws,

14    or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any

15    person, or class of persons, to the equal protection of the laws[.]"  As the Court discussed in its

16    Order dismissing the initial complaint, the first clause pertains to access to state courts, whereas

17    the second pertains to federal courts.  *See Mancini I*, 2015 WL 3993216, at *4 (citation omitted);

18    *see Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 909 (9th Cir. 1993).

19            Here, it appears that Plaintiff is proceeding with both prongs, as he alleges that the end-

20    goal of the conspiracy was to prevent him from bringing a civil action against Roux and Elbeck

21    (presumably, the state-law common law tort action) as well as a federal civil rights case against

22    the officers.  However, the state-court prong of Section 1985(2) requires a plaintiff to plead class-

23    based animus.  *Evans v. McKay*, 869 F.2d 1341, 1345 n.3 (9th Cir. 1989).  Here, Plaintiff has

24    alleged that he is a "class of one"—*i.e.*, that the officers intentionally treated him differently due to

25    personal animus without any rational basis.  *See Village of Willowbrook v. Olech*, 528 U.S. 562,

26    564 (2000).  As it is not settled whether a Section 1985(2) state-court claim can be premised on a

27    class-of-one theory, this question is better suited to resolution after full briefing.  Accordingly, this

28    claim may proceed to service.

United States District Court
Northern District of California

1    The other prong proscribes conspiracies that interfere with "federal judicial proceedings."

2    *Kush v. Rutledge*, 460 U.S. 719, 724 (1983).  No class-based animus is required.  A plaintiff can

3    plead a claim for conspiracy to deny access to federal court by showing the following: (1) a

4    conspiracy by the defendants; (2) to deter, by force, intimidate, or threat, any party or witness from

5    attending a court of the United States or testifying in a matter pending therein "freely, fully, and

6    truthfully" or to injure a party or witness in his or her person or property on account of so

7    attending or testifying; and (3) injury or damages to the plaintiff.  *Portman*, 995 F. 2d at 909; *see*

8    *also David v. United States*, 820 F.3d 1038, 1040 & n.3 (9th Cir. 1987).  But the plaintiff must

9    allege that there were some federal proceedings pending when the purported interference occurred.

10   *See* 42 U.S.C. § 1985(2) (prohibiting conspiracy to deter any party or witness in federal court from

11   attending or testifying "to any matter *pending* therein").  No such proceedings are alleged in the

12   SAC; instead, Plaintiff's claims allege that Defendants' conspiracy sought to prevent him from

13   bringing a federal suit in the first instance.   Accordingly, Plaintiff's state-court Section 1985(2)

14   claim passes muster under Section 1915 and may proceed to service, but his federal-court Section

15   1985(2) claim does not and therefore is dismissed.

16       C.    Count Four: Section 1985(3)

17       Count Four alleges conspiracy to violate civil rights in violation of Section 1985(3).

18   Section 1985(3) "was enacted by the Reconstruction Congress to protect individuals—primarily

19   blacks—from conspiracies to deprive them of their legally protected rights."  *Sever v. Alaska Pulp*

20   *Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).  To state a claim under Section 1985(3), a plaintiff

21   must allege "(1) that some racial, or perhaps otherwise class-based, invidiously discriminatory

22   animus [lay] behind the conspirators' action, . . . and (2) that the conspiracy aimed at interfering

23   with rights that are protected against private, as well as official, encroachment."  *Butler v. Elle*,

24   281 F.3d 1014, 1028 (9th Cir. 2002) (citations omitted); *see also Griffen v. Breckenridge*, 403

25   U.S. 88, 102 (1971) (plaintiff must allege "some racial or perhaps otherwise class-based,

26   invidiously discriminatory animus behind the conspirator's action").  The Ninth Circuit requires

27   "either that the courts have designated the class in question a suspect or quasi-suspect

28   classification requiring more exacting scrutiny or that Congress has indicated through legislation

6

1    that the class required special protection." *Schultz v. Sundberg*, 759 F.2d 714, 718 (9th Cir. 1985).

2    The Ninth Circuit has recognized that Supreme Court jurisprudence requires "lower courts to

3    exercise restrained in extending [Section] 1985(3) beyond racial prejudice." *Butler*, 281 F.3d at

4    1028 (citation omitted).  As a result, district courts have rejected Section 1985(3) claims premised

5    on class-of-one discrimination due to personal animus.  *See, e.g.*, *Cobb v. Adams*, No. C 13-04917

6    JSW, 2014 WL 2212162, at *5 (N.D. Cal. May 28, 2014) (citation omitted); *Kolstad v. Cnty. of*

7    *Amador*, No. CIV 2:13-01279 WBS EFB, 2013 WL 6065315, at *9 n. 6 (E.D. Cal. Nov. 14,

8    2013).  Here, Plaintiff's Section 1985(3) claim is based solely on class-of-one discrimination.  He

9    does not allege membership in any other suspect or quasi-suspect class.  Accordingly, the SAC

10   fails to plead a plausible Section 1985(3) claim, and Count Four is therefore dismissed with

11   prejudice.  *See Cobb*, 2014 WL 2212162, at *5; *Kolstad*, 2013 WL 6065315, at *9 n.6.

12   **III.**    **Count Five: Municipal Liability**

13           Plaintiff now brings a Section 1983 municipal liability claim against the City of Cloverdale

14   under *Monell v. New York Department of Social Services*, 436 U.S. 658 (1978).  Municipalities

15   may be held liable as "persons" under 42 U.S.C. § 1983, but not for the unconstitutional acts of

16   their employees based solely on respondeat superior.  *Id.* at 691.  Instead, a plaintiff seeking to

17   impose liability on a municipality under Section 1983 must "identify a municipal 'policy' or

18   'custom' that caused the plaintiff's injury."  *Johnson v. Shasta Cnty.*, --- F. Supp. 3d ----, No.

19   2:14-cv-01338-KJM, EFB, 2015 WL 75245, at *9 (E.D. Cal. Jan. 6, 2015) (citations omitted).

20   Thus, to state a claim under Section 1983, a plaintiff must allege: (1) that the plaintiff possessed a

21   constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that

22   this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4)  that

23   the policy is the moving force behind the violation.  *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*,

24   130 F.3d 432, 438 (9th Cir. 1997).  A *Monell* claim can take one of three forms: "(1) when official

25   policies or established customs inflict a constitutional injury; (2) when omissions or failures to act

26   amount to a local government policy of 'deliberate indifference' to constitutional rights; or (3)

27   when a local government official with final policy-making authority ratifies a subordinate's

28   unconstitutional conduct."  *Brown v. Contra Costa Cnty.*, No. C 12-1923 PJH, 2014 WL 1347680,

United States District Court
Northern District of California

1    at *8 (N.D. Cal. Apr. 3, 2014) (citing *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249-50

2    (9th Cir. 2010)).

3         In addressing Plaintiff's FAC, the Court noted that Plaintiff did not bring a municipal

4    liability claim but included certain allegations that implied he attempted to do so.  *See Mancini II*,

5    2015 WL 4512274, at *6.  In any event, the Court noted that such claim would fail for two

6    reasons: because the FAC (1) did not allege any underlying constitutional violation and (2) failed

7    to identify the custom, policy, or practice of the city that led to the violations.  *Id.*  Plaintiff has

8    now specifically includes a municipal liability count and alleges facts to support both prior

9    defects.

10        First, as discussed above, the SAC alleges facts sufficient to state a plausible claim that

11   Defendants violated Plaintiff's Fourteenth Amendment rights, at least for the purposes of Section

12   1915 review.  Thus, the constitutional violation predicate element is sufficiently pled.  *See Doe v.*

13   *Maher*, 795 F.2d 787, 790 (9th Cir. 1987) (noting that an "independent constitutional basis is

14   necessary for a valid cause of action under section 1983") (citations omitted).

15        With respect to the custom, policy or practice element, in the SAC Plaintiff alleges that

16   officers' unconstitutional conduct occurred as a result of a number of Cloverdale Police

17   Department Policies, including: failure to use appropriate and generally accepted law enforcement

18   procedures in handling criminal investigations; failure to institute, require, and enforce proper and

19   adequate training, supervision, policies, and procedures concerning handling criminal

20   investigations; a policy or practice of covering up violations of constitutional rights by failing to

21   investigate complaints of unlawful assault, failing to investigate or discipline unconstitutional or

22   unlawful police activity, and encouraging officers to file false reports, intimidate and coach

23   witnesses, obstructing investigations, engage in nepotism and corruption; encouraging a "code of

24   silence" whereby officers will not provide adverse information against another; insufficient

25   handling of complaints of officer misconduct; and failure to train, supervise, or discipline officers.

26   (Dkt. No. 14 ¶¶ 170, 171.)  Plaintiff also alleges that the Police Department and its policy-making

27   officials, including Chief Tuma and Sergeant King, ratified the officers' unconstitutional conduct.

28   (*Id.* ¶ 172.)

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Without more, not all of these are adequately pleaded theories of municipal liability.  For

2   example, to the extent that the SAC asserts a claim of municipal liability based on the city's

3   failure to train its employees, Plaintiff "must allege facts showing a pattern and practice of

4   'deliberate indifference' to violations of constitutional rights."  *Connick v. Thompson*, 131 S. Ct.

5   1350, 1359 (2011).  Thus, where, as here, the pleadings only recount alleged constitutional

6   violations against the plaintiff, there is no cognizable *Monell* claim.  *See, e.g.*, *Cannon v. City of*

7   *Petaluma*, No. C 11-0651 PJH, 2012 WL 1183732, at *19 (N.D. Cal. Apr. 6, 2012) ("[Plaintiff's]

8   allegations in the SAC relate solely to his own, isolated experiences, which cannot support a

9   *Monell* claim for failure to train or supervise.").  However, the allegations that the officers acted

10  pursuant to a particular, identified policy—*e.g.*, of nepotism, obstructing witnesses, covering up

11  investigations due to corruption—are enough to eke out a claim against the City.  *See AE ex rel.*

12  *Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (noting that the plaintiff must

13  identify the policy or practice in the complaint to state a plausible claim).  Because at least some

14  portion of Plaintiff's municipal liability claim is adequately pleaded for the purposes of Section

15  1915 review, this count should proceed to service on the City of Cloverdale.

16                                                 **CONCLUSION**

17          For the reasons explained above, the SAC appears to state a claim upon which relief can be

18  granted as to at least some causes of action, and therefore passes Section 1915 review.  Counts

19  Two and Four, which allege violation of Section 1985(1) and (3), respectively, are dismissed with

20  prejudice.  Count Three, which alleges violation of Section 1985(2), may only proceed on the

21  grounds of interference with access to state court.  The Clerk of Court shall issue the summons.

22  Further, the U.S. Marshal for the Northern District of California shall serve, without prepayment

23  of fees, a copy of the SAC, any amendments or attachments, and this Order upon Defendants.  The

24  Court's decision to allow the SAC to proceed to service is without prejudice to Defendants

25  moving to dismiss the claims on any ground.

26          **IT IS SO ORDERED.**

27  Dated: August 18, 2015

28

_Jacqueline Scott Corley_

_____

JACQUELINE SCOTT CORLEY
United States Magistrate Judge